IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT HEDRICK**                                                                         **PETITIONER**

**v.**                                                    **CIVIL ACTION NO.: 5:21-cv-34-DCB-MTP**

**TIMOTHY BARNES**                                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Robert Hedrick and Respondent's Motion to Dismiss [17] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [17] be granted and the Petition [1] be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

On September 9, 2015, Petitioner was convicted in the Claiborne County Circuit Court of burglary of a dwelling. ([17-1]). On September 28, 2015, Petitioner was sentenced as a non-violent habitual offender under Miss. Code Ann. § 99-19-81 to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections. ([17-1]). Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On March 14, 2017, the court of appeals, in a written opinion, affirmed the trial court's judgment. *See Hedrick v. State*, 230 So.3d 759 (Miss. Ct. App. 2017). On September 14, 2017, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. ([17-3]). While Petitioner asserts in that he sought collateral review in the United

States Supreme Court, a review of the record and a review of the United States Supreme Court's automated docketing system[1] reveal no such filing.

On October 17, 2017, Petitioner filed a motion for post-conviction collateral relief ("PCR motion") in the Mississippi Supreme Court. ([18-11] at 13-53).[2] On January 31, 2018, the supreme court denied the PCR motion. ([18-11] at 2-3). On March 22, 2021, Petitioner submitted his Petition for Writ of Habeas Corpus [1]. On June 28, 2021, Respondent filed a Motion to Dismiss [17], arguing that the Petition is untimely and should be dismissed. Petitioner did not initially respond to the motion.

On July 13, 2021, the Court directed Petitioner to file a response to the motion to dismiss. *See* Order [20]. Petitioner filed his response on August 4, 2021, and the matter is now ripe for review.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

---

[1] *See* https://www.supremecourt.gov/docket/docket.aspx (last visited August 19, 2021).

[2] The PCR motion was signed on October 17, 2017 and stamped filed on October 31, 2017. Mississippi follows the "mailbox rule" with respect to PCR motions filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000); *see also Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by the federal courts). Under the "mailbox rule" a prisoner's pleading is deemed filed when he delivers it to prison officials for mailing. The Court will give Petitioner the benefit of the doubt and assume that his PCR motion was delivered to prison officials on the same day he signed it.

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On September 14, 2017, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. ([17-3]). Despite Petitioner's assertions, a thorough review of the United States Supreme Court docket as well as the record reveals that Petitioner did not file a petition for writ of certiorari with the Supreme Court. Accordingly, Petitioner's judgment became final—and the statute of limitations for federal habeas relief began to run—on December 13, 2017 (September 14, 2017, plus 90 days). Petitioner was required to file his federal habeas petition by December 13, 2018, unless he is entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition on March 22, 2021, more than three years after the judgment became final.

**Statutory Tolling**

Whether statutory tolling occurred between the period between the judgment becoming final on December 13, 2017 and Petitioner filing his federal habeas Petition on March 22, 2021, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. As previously stated, Petitioner filed a PCR motion on October 17, 2017. ([18-11] at 13-53). The motion was denied on January 31, 2018. ([18-11] at 2-

3). As a result, the limitations period was tolled for 106 days (October 17, 2017 to January 31, 2018). Thus, Petitioner was required to file his federal habeas petition by March 29, 2019 (December 13, 2018, plus 106 days). Petitioner filed his Petition on March 22, 2021, almost two years after the deadline expired.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

As discussed above, Petitioner claims that he appealed his conviction to the United States Supreme Court. Attached to his Response to the Motion for Summary Judgment [21], Petitioner attached two exhibits dated May 2, 2018. Exhibit A is a document labeled "Certificate of Pro Se Counsel" and appears to be a notarized document in which Petitioner asserts that he was the *pro se* Petitioner who submitted the writ of certiorari to the Supreme Court. ([21-1]). It is unclear

from the face of the document whether Petitioner actually sent this document to the Supreme Court. Exhibit B is a document labeled "Certificate of Service" in which Petitioner claims that he mailed a copy of his petition for writ of certiorari. ([21-2]). This document is not notarized, and again, there is no indication from the exhibit that the document was ever properly filed with the Supreme Court.

While Petitioner maintains that he filed a petition for writ of certiorari with the Supreme Court, he did not provide any case identifying information and claims that he does not know what date the alleged petition was filed or dismissed. Both Respondent and the undersigned have conducted a search of the Supreme Court's docket and have been unable to locate this alleged filing. Moreover, Petitioner had 90-days to appeal the judgment of the Mississippi Supreme Court to the United States Supreme Court. *See* Sup. Ct. R. 13.1. The dates on the documents he purports were submitted to the Supreme Court are dated over seven months after the Mississippi Supreme Court denied his petition for writ of certiorari. ([17-3]). Even if Petitioner did submit these documents, and there is nothing in the Supreme Court's docketing system that suggests that he did, his appeal would not have been timely.

Petitioner also claims that he is entitled to equitable tolling because of the COVID-19 pandemic. His petition was due in this Court on or before March 29, 2019, nearly a year before the COVID-19 pandemic began. This argument is meritless.

Nothing in the record indicates the presence of rare and exceptional circumstances that warrant equitable tolling.

## CONCLUSION

Petitioner's state court judgment became final on December 13, 2017. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period

found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal habeas petition by March 29, 2019. Petitioner filed his Petition on March 22, 2021. Petitioner has failed to establish that additional statutory or equitable tolling is appropriate. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [17] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 23rd day of August, 2021.

s/Michael T. Parker<br>UNITED STATES MAGISTRATE JUDGE