IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT HEDRICK,                                        PETITIONER

v.                      CIVIL ACTION NO.: 5:21-CV-34-DCB-MTP

TIMOTHY BARNES                                         RESPONDENT

ORDER

THIS MATTER is before the Court on Petitioner's Objections [ECF No. 24] to Magistrate Judge Parker's Report & Recommendation ("Report") [ECF 22]. The Report recommended that Respondent's Motion to Dismiss [ECF No. 17] be granted and the Petition for Writ of Habeas Corpus ("the Petition") [ECF No. 1] be dismissed with prejudice as untimely. Respondent requests that the Court adopt the Report and deny Petitioner a Certificate of Appealability. [ECF No. 25]. After reviewing the Report, Petitioner's Objections, and the applicable law the Court finds as follows:

Petitioner filed this pro se civil action under 28 U.S.C. § 2254 for Writ of Habeas Corpus. See [ECF No. 1] Petitioner is presently serving a twenty-five-year prison sentence imposed by the Claiborne Circuit Court following his conviction for burglary

1

of a dwelling. [ECF No. 17-1]. Following his conviction, the Mississippi Court of Appeals affirmed the trial court's judgment. See Hedrick v. State, 230 So.3d 759 (Miss. Ct. App. 2017). After this appeal, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari on September 15th, 2017. [ECF No. 17-3].

Following this denial of certiorari, Petitioner filed a motion for post-conviction relief in that same court. [ECF No. 18-11]. On January 31, 2018, the Mississippi Supreme Court denied this motion. [ECF No. 18-11]. In March of 2021, slightly more than two years after the Mississippi Supreme Court's denial of post-conviction relief, Petitioner filed the Petition for Writ of Habeas Corpus that is presently before the Court.[1]

In the Report, Judge Parker concluded that the Petition was untimely filed pursuant to 28 U.S.C. § 2244(d). [ECF No. 22]. The Report based its conclusion on the gap in time between final judgment in Petitioner's state proceedings and the Petition in

---

[1]. Petitioner submits that he also filed a writ of certiorari with the United States Supreme Court. [ECF No. 1] at 3. In support of this, Petitioner has only provided the Court with two documents purporting to show the petition that was filed with the Court. [ECF Nos. 21-1, 21-2]. No further identifying information was provided by Petitioner, and neither Judge Parker, nor Respondent were successful in finding the petition on the Court's docket. [ECF No. 22] at 5. This Court further submits that it has also attempted to find the petition on the Supreme Court's docket, and there is no indication that it was ever filed with the Supreme Court.

this Court. Id. at 2-5. The Report observes that, while the statute of limitations was temporarily tolled while Petitioner sought post-conviction relief with the Mississippi Supreme Court, the statute of limitations as set out by 28 U.S.C. § 2244 has since run. [ECF No. 22] at 3-4. Furthermore, the Report concluded that the circumstances of Petitioner's case did not warrant equitable tolling of the statute of limitations. Id. at 4-5.

Petitioner's Objections to the Report are reducible to two arguments. First, Petitioner submits that the Report erred in concluding his petition was untimely because the statute of limitations can only be calculated from the date the United States Supreme Court denied certiorari. [ECF No. 24]. Petitioner acknowledges that this date cannot be determined. Id. at 4. Second, Petitioner argues that the Report was incorrect to conclude he is not entitled to equitable tolling given the totality of the circumstances. Id. at 6. The Court is not convinced by either argument.

With respect to statutory tolling, prisoners seeking a writ of habeas corpus must do so within one-year from the date on which judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). In Petitioner's case, judgment became final on December 13, 2017 (when considering the ninety-days for him to petition the Supreme Court). [ECF No.22] at 3. While Petitioner submits that the date of his petition to the Supreme Court cannot

3

be determined, that is because he has not provided the Court with any identifying information by which the Court could find it beyond two documents that he asserts to have filed with the Supreme Court. [ECF Nos. 21-1, 21-2]. Indeed, multiple searches of the Supreme Court's docket have failed to locate any petition filed by Mr. Hedrick. Furthermore, the Report was correct to point out that, even if he did file these documents with the Supreme Court on the dates listed, they still would not have been timely. [ECF No. 22] at 5. Accordingly, Petitioner filed his habeas petition after the statute of limitations ran, and therefore must rely on equitable tolling.

Petitioner's argument that he is entitled to an equitable tolling is also without merit. Petitioner argues that the Report was wrong to conclude that his lack of knowledge and experience with the legal system did not entitle him to equitable tolling. [ECF No. 24] at 6. The Fifth Circuit does not recognize limited knowledge or inexperience as rising to the level of exceptional circumstances required to toll the statute of limitations. See Fisher v. Johnson, 174 Fed.3d 710 (5th Cir. 1999). Accordingly, Petitioner has not presented the Court with factual or legal circumstances that would entitle him to an equitable tolling of the statute of limitations.

Petitioner's objections to the Report centered on how the Report determined when judgment was final, and the Report's

4

conclusion that he was not entitled to equitable tolling. Because it does not appear Petitioner ever filed a petition with the United States Supreme Court, the date on which the Mississippi Supreme Court denied certiorari is when judgment became final, plus the ninety-days Petitioner had to file a petition with the United States Supreme Court. [ECF No. 22] at 3. This date was December 13, 2017. While the statute of limitations was briefly tolled when Petitioner sought post-conviction relief with the Mississippi Supreme Court, Petitioner filed the action pending before this Court well after the statute of limitations had run. Additionally, because Petitioner did not present the Court with any grounds to grant him equitable tolling other than his own inexperience with the legal system, his objection to the Report with respect to equitable tolling is similarly unavailing.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation [ECF No. 22] is ADOPTED as the findings and conclusions of this Court. This action is hereby DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner's Objections [ECF No.25] are OVERRULED.

5

A Final Judgment and Certificate of Appealability shall be entered of even date herewith.

SO ORDERED AND ADJUDGED this 5th day of October, 2021.

>                             /s/ David C. Bramlette
>                           DAVID C. BRAMLETTE III
>                        UNITED STATES DISTRICT JUDGE